# UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE

402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

January 5, 2006

## LETTER OPINION

Re:    **CHARLES W. HAGE v. UNUMPROVIDENT CORP, et. al.,**
       **Civil Action No. 04-5933 (MLC)**

Counsel:

      This matter having been open to the Court by letter application by Plaintiff seeking discovery on the RICO allegations, See Plaintiff's Amended Complaint at 17-27 [Docket Entry #7-1]; and the Defendant having objected to the requested discovery as beyond the scope of that authorized by the Honorable Mary L. Cooper, United States District Judge, and this Court having conducted a telephone conference on November 29, 2005 to discuss Plaintiff's request and denying said application; and the Court, at the request of Plaintiff's Counsel, David M. Hoffman, Esq., permitting the parties to submit supplemental briefs; and the Court having reviewed the supplemental submissions of the parties; and the Court noting, pursuant to Fed. R. Civ. P. 26(b), that a court has the discretion to determine the scope and limits of discovery; and for the reasons set forth below, Plaintiff's request for discovery related to or under the RICO count of the Amended Complaint is **DENIED**.

*RICO Discovery & Oral Argument before the Honorable Mary L. Cooper, U.S.D.J.*

      On July 29, 2005, a hearing was held by the Honorable Mary L. Cooper, U.S.D.J., addressing the Defendant's motion to dismiss; Plaintiff's cross motion for partial summary judgment; and

Defendant's cross motion for summary judgment.  During argument, Plaintiff sought to obtain

discovery on the RICO claim.  The dispute before this Court arises based on the parties differing

interpretations of Judge Cooper's ruling.  Having reviewed the transcript of the July 29, 2005

proceeding, it is this Court's conclusion that Judge Cooper denied Plaintiff's application for

discovery having determined that  "[the RICO count] would take the Discovery in this case to the

stratosphere," (T21:4-6), and discovery on Plaintiff's RICO claim should therefore not be permitted

at this time.

     Relying on Ketzner v. John Hancock Mut. Life Ins. Co., 118 Fed. Appx. 594 (3d Cir. 2004),

Judge Cooper determined that "[b]oth the magistrate judge, and the district court [in Ketzner], were

correct in refusing to endorse a fishing expedition to justify the RICO claim when the initial bad faith

claim had proved meritless." (T21:18-21).  Comparing the instant case's RICO claim to the claims

in Ketzner, Judge Cooper held that,

>          "RICO discovery is stayed, and in the event that plaintiff obtains
>          summary judgment in plaintiff's favor on the bad faith claim, then
>          we will open discovery on the RICO claim, and then we will also
>          decide, with more specificity, whether the RICO claim, in fact,
>          either as framed here, or in any amended pleading to include
>          (indiscernible) cause of action, and we will make the cause of
>          action determination on the RICO claim before we authorize
>          discovery to go forward in this case."  (T22:16-24).

     This determination was also memorialized in Judge Cooper's order of July 26, 2005,

which plainly states, "IT IS FURTHER ORDERED that discovery as to count 4 [the RICO

count] of the amended complaint is STAYED pending further order of the Court." [Docket entry

#26].  How Judge Cooper could make her ruling any clearer is beyond the ken of this Court.

     Plaintiff, however, contends that by referring a discovery request to this Court, Judge

Cooper modified her determination.  Specifically, Plaintiff's attorney sought "leave to apply for two items of discovery [related to the RICO claim]". (T23:9-10).   Plaintiff requested permission to "subpoena my witness, whose affidavit appears in the RICO case statement, Patricia Brownley," (T23:11-12), and also "to be able to subpoena the Georgia documents." (T23:16-17). In response,  Judge Cooper stated:

> "That sounds as if it's beyond the scope of the processing of this claim, and the company's treatment of the YO policy –
> But, however, the magistrate judge will make that decision, at least, in the first instance.  If you are aggrieved by the decision, then you always have the right to, in effect, ask for consideration of the magistrate's ruling there."  (T23:18-25).

Plaintiff's counsel reiterated that he would only seek  these two items and Judge Cooper reasserted  her overall concern of the "judicial task" of grappling with a RICO claim when there are a number of threshold claims.  (T24:1-9).

*Plaintiff's Letters of August 26, 2005 and December 1, 2005*

Plaintiff, by letter dated August 26, 2005, proposed "the allowance of limited RICO discovery."  Arguing that "all but a few pieces of the discovery necessary to try the RICO aspect of Hage" had been assembled.  Subsequent to the telephone conference, Plaintiff submitted a letter, dated December 1, 2005, requesting the issuance of subpoenas:

> 1.  Subpoenas to third parties related to The Georgia Report, See RICO Case Statement (RCS), Exhibit F(d) and (e); including preliminary drafts, source documentation and analysis and related correspondence;  together with  preliminary  drafts,  source documentation and analysis and related correspondence regard related inquiry by or on behalf of the Georgia Department of Insurance after March 19, 2003.
>
> 2.  Subpoenas to third party witnesses, including some who may be constrained by settlement or confidentiality agreements with

3

UnumProvident Corporation or its subsidiaries or affiliates.

3.   Subpoenas to third party litigants regarding litigation documents and results which may be subject to settlement or confidentiality agreements with UnumProvident Corporation or its subsidiaries or affiliates.

The December 1, 2005 letter, also requested that Defendant be required to provide:

4.   A schedule of decisions, orders, verdicts, stipulations of dismissal or covenants not to sue, State and Federal, wherein UP or any of its subsidiaries, since 1/1/2000, either settled with allege whistleblowers or were adjudicated to be liable for punitive damages; with the schedule to include the matter's full caption and address and the telephone numbers of Counsel for UP's adversary with a waiver of confidentiality.  Plaintiff's Letter of December 1, 2005 at 1-2.

Plaintiff argues that "[t]here is no well founded provision in the Federal Rules which should appropriately preclude Plaintiff from at least this limited discovery," Id. at 1, yet fails to identify the names or number of subpoenas it seeks to issue or the number of cases implicated by request number 4.

*Defendant's Responses of September 7, 2005, and December 5, 2005*

Defendant's reply letters provide a fairly straight forward argument, citing frequently to the transcript of oral argument before Judge Cooper.  Defendant begins by pointing out that Judge Cooper stayed the RICO allegations in the Complaint and asserts that all of Plaintiff's three original requests relate only to the RICO claim and therefore should be denied. Defendant's Letter of September 7, 2005.  Defendant also points out that Judge Cooper has limited discovery to Dr. Hage's claim and the processing thereof . Id. at 1 (citing T19:4-13).

Defendant specifically attacks Plaintiff's actual requests, calling the report of the Georgia

4

Commissioner of Insurance irrelevant (citing State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408) and the second and third discovery requests as extremely vague and lacking substance.  See Defendant's Letter of September 7, 2005.

Defendant's letter of December 5, 2005, asserts that Plaintiff's various requests are barred by the law of the case, vis-a-vis Judge Cooper's July 29, 2005, decision, and that even if the Court were to allow discovery, that Plaintiff's requests are overbroad and unrelated to Dr. Hage's claim. See generally Defendant's Letter of December 5, 2005.

*Discussion*

*RICO Discovery is Stayed*

It is clear that during the July 29, 2005, hearing, Judge Cooper limited the scope of discovery to the claim of Dr. Hage and claims handling.  It is also clear that the fourth Count of Plaintiff's Amended Complaint, asserting RICO, was stayed indefinitely.  Judge Cooper also noted  that were Plaintiff granted summary judgment on his bad faith claim, discovery on the RICO claim would be permitted.  Even after Plaintiff requested two items of RICO related discovery, Judge Cooper stated that "the primary focus that the Court must, eventually resolve is whether this policy is properly interpreted the way the plaintiff interprets it, or the way the defendant interprets it for ***purposes of processing a claim such as Dr. Hage's . . . [a]nd I think some Discovery could be helpful along those lines***..." (T24:13-18) (emphasis added).  Despite the plain language of the District Court and reasonable inferences, Plaintiff's entire  pending request is for RICO discovery items.  See Defendant's Letter of December 1, 2005.  Plaintiff actually refers to the items as "the RICO discovery we seek." Plaintiff's Letter of December 1, 2005.  Based on the foregoing, it is this Court's determination that discovery on the RICO

allegation was clearly and unequivocally barred by Judge Cooper's July 29, 2005 decision.

*Limited Purpose of RICO Discovery and Plaintiff's Requested Items*

Assuming Judge Cooper did not intend to wholly limit RICO discovery, but that her "stated purpose in **restricting** RICO discovery was to avoid taking discovery 'to the stratosphere' by going on 'a fishing expedition,'" Plaintiff's Letter of December 1, 2005 (citing T21-22)(emphasis added), it is this Court's determination that Plaintiff's request is nevertheless unduly burdensome and not likely to lead to any relevant evidence.

During the July 29, 2005 hearing, Plaintiff requested leave to apply for two items of discovery. (T23:8-24:9). Specifically, Plaintiff sought to issue a subpoena to Priscilla Brownlee for testimony and a subpoena for the "Georgia documents." Id. Plaintiff has failed to show how either a statement by Priscilla Brownlee or receipt of the Georgia documents is related to Dr. Hage's claim or the processing of the claim. Additionally, Plaintiff by letter dated December 1, 2005, sought leave to pursue three categories of discovery, none of which were raised before Judge Cooper during the July 29, 2005 hearing. Plaintiff sought to issue subpoenas to third party witnesses [request #2] and to third party litigants [request #3] and further requested that Defendant produce a schedule of decisions, orders, verdicts, stipulations of dismissal or covenants not to sue, etc... where Defendant either settled with alleged whistleblowers or was liable for punitive damages [request #4]. Id. Plaintiff fails to explain how any of the information sought is relevant or likely to lead to information relating to Dr. Hage's claim or the processing thereof.

Even assuming that Judge Cooper did not intend to entirely prohibit RICO discovery but rather was deferring to this Court, the application of the Plaintiff would none the less be denied.

6

The Plaintiff has failed to explain how the information sought is relevant. Moreover, the requests are overbroad [subpoenas to third party witnesses and third party litigants] and production would be unduly burdensome [production of a schedule of all decisions, orders, verdicts, stipulations of dismissal or covenants not to sue where Defendant settled with alleged whistleblowers.]. See generally Fed. R. Civ. P. 26(b). Granting Plaintiff's requests would result in a massive discovery effort.

*Conclusion*

It is the opinion of this Court that Judge Cooper intended to only allow RICO discovery if Plaintiff prevailed on summary judgment of the threshold issues, or only if the discovery would be relevant to the Plaintiff's other claims, specifically the interpretation of the YO policy and the handling of Dr. Hage's claim. Plaintiff has failed to relate the current discovery requests to these other claims within the law of this case. Therefore, for the reasons contained herein, Plaintiff's request for discovery under the RICO Count of the Amended Complaint is hereby **DENIED WITHOUT PREJUDICE**.

**   s/ Tonianne J. Bongiovanni   **

**TONIANNE J. BONGIOVANNI, U.S.M.J.**